IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JUAN MORALES-AGUILAR, ) <br> ) <br> Petitioner, ) <br> ) <br> -vs- ) <br> ) <br> FNU GRANT, Warden, ) <br> ) <br> Respondent. ) | Case No. CIV-20-212-F |

## **ORDER**

    Petitioner, a federal prisoner appearing *pro se*, initiated this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241. In his petition, petitioner challenges a May 16, 2019 disciplinary proceeding that resulted in the imposition of sanctions against him. One of those sanctions included disallowance of 41-days good-conduct time. Petitioner requests the court to expunge the incident report giving rise to the disciplinary hearing and to reverse and vacate all imposed sanctions.

    The undersigned referred petitioner's § 2241 action to United States Magistrate Judge Suzanne Mitchell in accordance with 28 U.S.C. § 636. After examination of the habeas petition, Magistrate Judge Mitchell ordered a response. Respondent filed a motion to dismiss the habeas petition pursuant to Rule 12(b)(6), Fed. R. Civ. P. Respondent argued the petition failed to state a plausible claim because petitioner was afforded due process as required under <u>Wolff v. McDonnell</u>, 418 U.S. 539 (1974), and sufficient evidence was presented at the disciplinary hearing to support the imposed sanctions. Petitioner did not file any response to the motion. After independent review of respondent's motion and the § 2241 petition,

Magistrate Judge Mitchell issued a Report and Recommendation on August 20, 2020, recommending the court grant respondent's motion to dismiss and dismiss the petition.

Presently before the court is petitioner's timely objection to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1), the court has conducted a de novo review of the matter. Having done so, the court concurs with Magistrate Judge Mitchell's analysis and rejects petitioner's arguments with respect to that analysis. The court adopts Magistrate Judge Mitchell's analysis in its entirety.

The court notes that petitioner, in his objection, alleges that the disciplinary hearing officer "was not an impartial factfinder." Doc. no. 12, p. 3, ¶ 11. "An impartial decisionmaker is a fundamental requirement of due process that is 'fully applicable' in the prison context." Gwinn v. Awmiller, 354 F.3d 1211, 1220 (10th Cir. 2004) (quoting Wolff, 418 U.S. at 592) (Marshall, J. concurring). However, petitioner's alleged due process violation is not set forth in the petition and petitioner has not sought leave to amend his petition to raise the claim. The court therefore concludes that the alleged violation is not properly before the court. However, even if it were, the court concludes that petitioner has failed to state a plausible due process claim. To establish a due process violation, petitioner must provide "some substantial countervailing reason to conclude that a decisionmaker is actually biased with respect to factual issues being adjudicated." Mangels v. Pena, 789 F.2d 836, 838 (10th Cir. 1986) (citation omitted). Petitioner's bare allegation of impartiality is not sufficient to state a due process claim upon which relief may be granted.

In his objection, petitioner moves the court to allow him to amend his petition to allege a retaliation claim. According to petitioner, the incident report, disciplinary hearing and imposed sanctions were in retaliation for a civil lawsuit he filed in the United States District Court for the Northern District of Illinois against the United

States of America and Bureau of Prisons' officers.[1] The court finds that the leave to amend should be denied. The court finds it would be futile to allow the amendment as the retaliation claim would be subject to dismissal under Rule 12(b)(6). Jefferson County School Dist. No. R-1 v. Moody's Investor's Services, Inc., 175 F.3d 848, 859 (10th Cir. 1999) ("Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile. A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.") (citations omitted). A prisoner claiming retaliation must establish that "'but for' the retaliatory motive, the incidents to which he refers, including the disciplinary action, would not have taken place." Peterson v. Shanks, 149 F.3d 1140, 1144 (10th Cir. 1998) (quoting Smith v. Maschner, 899 F.2d 940, 949-950 (10th Cir. 1990)). Petitioner cannot establish that the alleged retaliatory motives of the officers involved were the "but for" cause of the officers' actions. The incident report, the disciplinary hearing and the imposition of sanctions all occurred prior to the filing of petitioner's Illinois case. Further, "'[a]n inmate cannot state a claim of retaliation for a disciplinary charge involving a prison rule infraction' when a hearing officer finds that the inmate committed 'the actual behavior underlying that charge' and affords the inmate 'adequate due process.'" Pinson v. Berkebile, 576 Fed. Appx. 710, 713 (10th Cir. 2014) (quoting O'Bryant v. Finch, 637 F.3d 1207, 1215 (11th Cir. 2011)). The disciplinary hearing officer found that petitioner committed a violation of Code 113, possession of narcotics, and that

---

[1] Morales-Aguilar v. United States of America, et al., No. 19-05505 (N.D. Ill. filed Aug. 13, 2019).

decision comported with due process because some evidence supported the officer's decision.[2]

Based upon the foregoing, the Report and Recommendation (doc. no. 11) issued by United States Magistrate Judge Suzanne Mitchell on August 20, 2020 is **ACCEPTED**, **ADOPTED** and **AFFIRMED**. Respondent's Motion to Dismiss (doc. no. 10), filed May 29, 2020, is **GRANTED**.

Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (doc. no. 1), filed March 9, 2020, is **DISMISSED** pursuant to Rule 12(b)(6), Fed. R. Civ. P. Petitioner's request for leave to amend the § 2241 petition to allege a retaliation claim is **DENIED**.

IT IS SO ORDERED this 30th day of September, 2020.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

20-0212p001.docx

---

[2] In his objection, petitioner alleges that he "has not been given an opportunity to invoke discovery" to develop his retaliation claim. Doc. no. 12, p. 3, ¶ 10. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). Discovery is available only if the court finds "good cause" to order it. Id. (quoting Rule 6(a), Rules Governing § 2254 cases). Here, petitioner did not file any motion seeking discovery prior to issuance of the Report and Recommendation. In any event, given that the court is denying leave to amend to pursue the retaliation claim, the court finds that petitioner cannot establish good cause to engage in any discovery related to the claim.

4